CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD L. CREWS,<br>    Plaintiff, | )<br>)  Civil Action No. 7:07cv00384<br>) |
| v. | )  **MEMORANDUM OPINION**<br>) |
| LT. PAYNE, et al.,<br>    Defendants. | )  By: James C. Turk<br>)  Senior United States District Judge |

Richard L. Crews, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against officials of the Danville City Jail ("the jail") and the Virginia Department of Corrections ("VDOC"), alleging that he needs mental health treatment and medical treatment for cancer. He seeks an order from the court directing jail officials to move him to a state prison equipped with appropriate mental health and medical facilities. As he did not include payment of the filing fee with his complaint, the court construes his pleading as a request to proceed without prepayment of the $350.00 filing fee for this civil action, pursuant to 28 U.S.C. § 1915(b). Because Crews has previously filed three civil actions that the federal courts dismissed as frivolous or for failure to state a claim, however, Crews cannot proceed without prepaying the full filing fee unless he first demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Crews has not shown that he is in danger of serious physical harm. Accordingly, for the reasons stated, the court dismisses his suit without prejudice.

As stated, court records indicate that Crews has previously filed three civil actions in federal court that have been dismissed as frivolous or for failure to state a claim: Crews v.

1

Greensville Corr. Ctr., 3:05-cv-00749 (E.D. Va. June 22, 2006) (dism'd under 28 U.S.C. § 1915A); Crews v. Dep't of Corr., 3:96-cv-00371 (E.D. Va. January 2, 1997) (dism'd as frivolous); Crews v. VDOC, 7:95-cv-501 (W.D. Va. May 26, 1995) (dism'd as frivolous under former 28 U.S.C. § 1915(d)). Accordingly, Crews has "three strikes" under § 1915(g). Therefore, the only question before the court is whether he has demonstrated that he was in imminent danger of serious physical injury when he filed his complaint. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (4th Cir. 2001). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Crews's allegations do not meet the § 1915(g) standard. He complains in general about the mental health treatment he has received at various institutions, including the jail where he is now housed. He also states that the jail cannot provide treatment for the specific kind of cancer that he has. He admits, however, that he is receiving regular evaluations from a psychiatrist, who prescribes his mental health medication; thus, he fails to demonstrate imminent danger of harm regarding his mental health treatment. As to his alleged cancer, he does not state facts suggesting that his current need for treatment of this condition is immediate or that lack of prompt treatment places him at risk of serious physical harm.[1]

As Crews has not demonstrated that he is under imminent danger of serious physical

---

[1] He also fails to allege any facts indicating that he has made administrative requests for mental health treatment or medical care for cancer at the jail, as required for exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a) (providing that no prisoner may bring a civil action concerning conditions of confinement until he has exhausted available administrative remedies).

2

injury for any of the alleged reasons, the court will not allow Crews to proceed without prepayment of the filing fee for this action and will dismiss the complaint without prejudice,[2] pursuant to 28 U.S.C. § 1915(g). An appropriate order shall be issued this day.

The clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 14th day of August, 2007.

Senior United States District Judge

---

[2]Dismissal without prejudice leaves Crews free to refile his claims in a new and separate civil action, provided that he meets the requirements of § 1915(g) or prepays the $350.00 filing fee. He must also prove exhaustion of administrative remedies at the jail as to each claim that he intends to raise, pursuant to § 1997e(a).